Filed 6/23/15  P. v. Calderon CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050678 |
| v. | (Super. Ct. No. 14NF1901) |
| JOSE ARTURO CALDERON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed.

Elisabeth A. Bowman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Jose Arturo Calderon of two counts of receiving stolen property (Pen. Code, § 496, subd. (a); counts 1, 2),[1] two counts of possessing a completed check with the intent to defraud (§ 475, subd. (c); counts 3, 4), and one count of second degree commercial burglary (§§ 459, 460, subd. (b); count 5). In a bifurcated proceeding, the court found defendant guilty of disobeying a gang injunction (§ 166, subd. (a)(9); count 6). The court imposed a two-year sentence on count 5 and concurrent two year sentences on counts 1 and 2. The court stayed execution of sentence on counts 3, 4, and 6 pursuant to section 654. The court ordered that defendant serve a divided sentence pursuant to section 1170, subdivision (h)(5), whereby he would spend one year in county jail and the remaining year under mandatory supervision.

Defendant appealed the judgment and we appointed counsel to represent him. Counsel initially argued that two of defendant's convictions should be reduced to misdemeanors pursuant to Proposition 47, but subsequently requested that the court strike the opening brief because these issues were resolved in the trial court. In her operative brief, counsel did not argue against defendant, but advised the court she was unable to find an issue to argue on defendant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was given an opportunity to file written argument on his own behalf, but he did not do so.

As explained below, we agree with counsel's assessment; there are no arguable appellate issues. We affirm the judgment.

---

[1] All statutory references are to the Penal Code.

FACTS

On April 23, 2014, a customer entered Speedy Cash, a check cashing business. The customer handed two checks (in the amounts of $330.80 and $959.80) and a California driver's license identification card to a Speedy Cash employee. The checks were made payable to a company, Eclipse Lighting and Electrical (Eclipse). The Speedy Cash employee asked the customer whether the payee was his company. The customer said yes, but he did not have any documentation proving that fact. The employee informed the customer that she would have to verify the legitimacy of the checks and that she would call him back. The employee made a copy of the customer's identification card. The customer asked the employee to use the proceeds of the check to pay off a balance he owed on a loan from Speedy Cash. Using the identification card, the employee confirmed that the customer had a balance owed to Speedy Cash. The customer departed from Speedy Cash. The employee maintained possession of the checks.

An owner of Eclipse, Dave Oakden, was contacted by Speedy Cash regarding the checks. Oakden notified the police. Oakden recalled receiving one of the two checks earlier that month as payment for services provided. Oakden had noticed that check had gone missing, at which time he requested that his customer stop payment of the check and issue a new check. The Eclipse owner did not know how the checks were removed from his business site.

Defendant's name was on the identification card provided to the Speedy Cash employee. Although she expressed some uncertainty about her identification of defendant as the offending customer during a field identification just after the crime, the Speedy Cash employee unambiguously identified defendant in court as the customer who had attempted to cash the checks. When he was arrested at his residence, defendant possessed a California identification card matching the one copied by the Speedy Cash employee. At the time of his arrest, defendant denied that he had attempted to cash

checks at Speedy Cash, but admitted he had been there to check his account balance "awhile back" and agreed he had provided his identification card to be photocopied.

Defendant, his mother, and a defense investigator testified at trial. The gist of the defense was that someone else must have committed the crimes at issue because defendant was searching for a job at the time the crimes occurred and the person who committed the crimes was wearing different clothes than defendant was wearing at the time of his arrest.

As explained above, defendant was convicted of counts 1 through 5 by the jury. At defendant's request, count 6 had been bifurcated from the jury trial. In between his jury trial and the court trial on count 6, defendant asked the court to "dismiss [his] Public Defender so [he] can file a motion to see if [he] could get a new attorney appointed." Defendant's remarks focused on perceived shortcomings in the evidence relied on by the jury to convict him. The court denied the motion. The court also denied defendant's handwritten motion to reduce his felony convictions to misdemeanors.

At the bench trial regarding count 6 (disobeying a gang injunction), exhibits were admitted into evidence detailing defendant's criminal history in association with Fullerton Tokers Town, a criminal street gang, and the service on defendant of an injunction against members of Fullerton Tokers Town from engaging in a variety of behaviors, including the violation of laws, within a prescribed geographical area of Fullerton, California. The location of Speedy Cash is within the zone covered by the injunction.

DISCUSSION

To assist the court in its independent review of the record (*Anders v. California* (1967) 386 U.S. 738), appointed counsel suggests we consider one issue, to wit, whether the court abused its discretion in denying defendant's motion pursuant to

4

*People v. Marsden* (1970) 2 Cal.3d 118.  We have independently reviewed the entire record, including portions applicable to the potential issue suggested by counsel, and we are unable to find an arguable appellate issue.

DISPOSITION

The judgment is affirmed.

IKOLA, J.

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.